J-S02023-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| CHARLES DYCHES | |
| Appellant | No. 270 EDA 2014 |

Appeal from the PCRA Order December 18, 2013
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0006062-2008

BEFORE:  MUNDY, OLSON and WECHT, JJ.

MEMORANDUM BY OLSON, J.:                    **FILED FEBRUARY 09, 2015**

Appellant, Charles Dyches, appeals *pro se* from the order entered on December 18, 2013 dismissing his second petition filed under the Post-Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546.  We affirm.

This Court has previously outlined the factual background of this case as follows:

> On the evening of August 22, 2007, Officer [Richard] Fitzgerald was conducting an investigation in the area of 4800 Comly Street, in the city and county of Philadelphia. He was a member of the Narcotics Field Unit and had just arrested two individuals for possessing and delivering crack cocaine.
>
> One of the arrested individuals wished to cooperate and provide information as to the origins of the narcotics that he was delivering.  This cooperating witness stated that a[n African-American] male named Worm had supplied him the crack[]cocaine, and led Officer Fitzgerald to a residence at 2113 North 9th Street, in the city and county of Philadelphia.  Upon arriving at this location, the cooperating witness called Worm on

a police cell phone and ordered up several bundles of crack cocaine. The male voice on the other end of the call said he would call back once the items were together.

At approximately 8:00 p.m., Officer Fitzgerald and two other officers established surveillance of 2113 North 9th Street. About [15] minutes later, a white Buick parked in front of the residence and Appellant exited the vehicle. Appellant went into the trunk of the vehicle and pulled the lining out of the trunk and went into the lining and pulled out a black bag. He then closed the trunk, placed the black bag under his arm, and entered the residence [] using a key.

A little after 9:00 p.m., Appellant exited the residence and returned to the trunk of the white Buick. He removed a dark-colored object from his front waistband, placed this object in the trunk, and then entered the vehicle and drove northbound on 9th Street. Based on his experience in narcotics' investigations, Officer Fitzgerald believed the dark-colored object that Appellant placed in the trunk was a gun. He therefore relayed a description of Appellant and his vehicle to back-up officers, and urged the officers to use caution.

Officer [Richard] Nicoletti, who served in the Narcotics Field Unit for [17] years, also participated in the surveillance of 2113 North 9th Street. He and his partner were dressed in plainclothes and were parked in an unmarked vehicle approximately one [] block behind Officer Fitzgerald's vehicle. Similar to Officer Fitzgerald, Officer Nicoletti observed Appellant park a white Buick in front of 2113 North 9th Street, and enter the residence. Approximately one [] hour later, he observed Appellant exit the residence and open the vehicle's trunk.

At this point, Officer Nicoletti received a radio call from Officer Fitzgerald advising that Appellant just came out of the house and just put a gun in the trunk of the white Buick. When Appellant subsequently left 9th Street, Officer Nicoletti and his partner followed him to Broad Street, where he turned southbound. Officer Nicoletti directed a uniformed police officer to pull over Appellant at the intersection of Broad and Norris Streets.

* * *

With Appellant's permission, Officer Nicoletti used the keys from the vehicle's ignition to open the trunk, inside he discovered a loaded gun sitting right in the middle. Officer Nicoletti seized the gun and placed Appellant under arrest. . . . During a subsequent search of Appellant's person, the officer recovered approximately $5600.00.

Officer Nicoletti then seized Appellant's vehicle, drove it to headquarters, and prepared a warrant for the house and car.

* * *

[H]e and other officers executed these warrants in the early morning of August 23, 2007.

While executing the search warrant for the residence, the police discovered two individuals in one of the three second-floor rooms, in which they recovered several packets of crack cocaine. The police forced open the door to another second-floor room, inside which they discovered numerous bags of crack cocaine, hundreds maybe thousands of new small crack bags not yet filled, over 200 crack bags that were already filled with crack, and a Taurus gun box. The gun box contained the same serial number as the gun recovered from Appellant's vehicle.

Officer Nicoletti additionally testified that the keys, which he earlier confiscated from Appellant, fit the front door of the residence, and fit the door of the second-floor room in which he recovered the above-referenced drugs. He also recovered hospital bills from Appellant's vehicle that were addressed to 2113 North 9th Street, and testified that Appellant had told him 2113 North 9th Street was his residence.

*Commonwealth v. Dyches*, 31 A.3d 735 (Pa. Super. 2011) (*per curiam*) (unpublished memorandum), at 1-5 (internal quotation marks, ellipses, alterations, and citations omitted).

The relevant procedural history of this case is as follows. On May 22, 2008, Appellant was charged via criminal information with possession with

intent to deliver a controlled substance,[1] possession of a controlled substance,[2] possession of drug paraphernalia,[3] conspiracy to possess with intent to deliver a controlled substance,[4] possession of a firearm by a prohibited person,[5] carrying a firearm without a license,[6] carrying a firearm on the streets of Philadelphia,[7] criminal use of a communication facility,[8] and possessing an instrument of crime.[9] On April 10, 2010, Appellant was found guilty of possession with intent to distribute a controlled substance, carrying a firearm without a license, and carrying a firearm on the streets of Philadelphia.

On June 1, 2010, Appellant was found guilty of possession of a firearm by a prohibited person.[10] That same day, Appellant was sentenced to an

---

[1] 35 P.S. § 780-113(a)(30).

[2] 35 P.S. § 780-113(a)(16).

[3] 35 P.S. § 780-113(a)(32).

[4] 18 Pa.C.S.A. § 903.

[5] 18 Pa.C.S.A. § 6105(a)(1).

[6] 18 Pa.C.S.A. § 6106(a)(1).

[7] 18 Pa.C.S.A. § 6108.

[8] 18 Pa.C.S.A. § 7512(a).

[9] 18 Pa.C.S.A. § 907(a).

[10] The possession of a firearm by a prohibited person charge was tried separately so as to not prejudice Appellant with admission of his prior felony conviction.

aggregate term of 7 to 14 years' imprisonment. Appellant filed a notice of appeal, and this Court affirmed his judgment of sentence on June 27, 2011. ***Commonwealth v. Dyches***, 31 A.3d 735 (Pa. Super. 2011) (*per curiam*) (unpublished memorandum). Appellant did not seek review by our Supreme Court.

Appellant thereafter filed a *pro se* PCRA petition on March 23, 2012. Counsel was appointed and filed an amended petition. The PCRA court eventually dismissed the amended petition on June 18, 2013. Appellant did not appeal the dismissal of his first PCRA petition. Appellant filed this, his second, *pro se* PCRA petition on September 20, 2013. On December 18, 2013 the PCRA court dismissed the petition without an evidentiary hearing.[11] This timely appeal followed.[12]

Appellant presents four questions for our review:

---

[11] We note

> that the PCRA court failed to comply with [Pennsylvania Rule of Criminal Procedure] 907 by not providing Appellant with notice that it intended to dismiss Appellant's PCRA petition without holding an evidentiary hearing. However, our Supreme Court has held that where the PCRA petition is untimely, the failure to provide such notice is not reversible error.

***Commonwealth v. Lawson***, 90 A.3d 1, 5 (Pa. Super. 2014) (internal quotation marks and citation omitted).

[12] On February 5, 2014, the PCRA court ordered Appellant to file a concise statement of errors complained of on appeal ("concise statement"). ***See*** Pa.R.A.P. 1925(b). On February 25, 2014, Appellant filed his concise statement. On June 12, 2014, the trial court issued its Rule 1925(a) opinion. All issues raised on appeal were included in his concise statement.

1. Did [Appellant] meet the timeliness requirements for filing a second/subsequent PCRA petition as determined under 42 Pa.C.S.A. § 954[5]?

2. Were all of [Appellant's] prior counsel ineffective for failing to subpoena [Appellant's] phone records to establish that the individual sought in the drug investigation was not [Appellant]? Further, did the ineffectiveness extend into trial counsel's entering into a stipulation with the prosecution regarding drugs allegedly found in [Appellant's] vehicle trunk?

3. Did the Commonwealth violate [Appellant's] rights under **Brady v. Maryland**[, 373 U.S. 83 (1963)] by withholding exculpatory evidence from the defense relating to computerized records of vehicle identification(s), locations of vehicles, and police officer car assignments which would have impeached the trial testimony of the Commonwealth witnesses?

4. Does imposition of the mandatory sentence for drugs, *i.e.*, possession with intent, represent a non-waivable illegal sentence because the relevant factors permitting the imposition of the mandatory sentence were not determined by a jury beyond a reasonable doubt as required by **Apprendi v. New Jersey**[, 530 U.S. 466 (2000)] and as interpreted by **Alleyene v. United States**[, 133 S.Ct. 2151 (2013)]?

Appellant's Brief at 4.

In his first issue, Appellant contends that his PCRA petition was timely. "Pennsylvania law makes clear that when a PCRA petition is untimely, neither this Court nor the trial court has jurisdiction over the petition." **Commonwealth v. Miller**, 102 A.3d 988, 992 (Pa. Super. 2014) (internal quotation marks omitted). A PCRA petition is timely if it is "filed within one year of the date the judgment [of sentence] becomes final." 42 Pa.C.S.A. § 9545(b)(1). "[A] judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United

- 6 -

States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S.A. § 9545(b)(3). "As the timeliness of a PCRA petition is a question of law, our standard of review is *de novo* and our scope of review is plenary." **Commonwealth v. Callahan**, 101 A.3d 118, 121 (Pa. Super. 2014) (citation omitted).

Appellant contends that the time period for filing a PCRA petition was tolled during the pendency of his first PCRA petition. This argument is without merit. The time period for filing a PCRA petition is not tolled during the pendency of a previous PCRA petition. **See id.** at 122. Thus, Appellant's judgment of sentence became final on July 27, 2011 (30 days after this Court affirmed his judgment of sentence) since Appellant failed to seek allowance of appeal from our Supreme Court. Accordingly, the instant petition, filed in September 2013, is patently untimely.

An untimely PCRA petition may be considered if one of the following three exceptions applies:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b)(1)(i-iii). If an exception applies, a PCRA petition may be considered if it is filed "within 60 days of the date the claim could have been presented." 42 Pa.C.S.A. § 9545(b)(2).

Appellant contends that he has satisfied the after-discovered evidence exception. Specifically, he claims that the police radio call log is after-discovered evidence. In order to satisfy the after-discovered evidence exception, Appellant must plead and prove "that the facts upon which the [] claim is predicated were not previously known to the petitioner and could not have been ascertained through due diligence." **Commonwealth v. Hawkins**, 953 A.2d 1248, 1253 (Pa. 2006) (citation omitted).

As noted above, a petitioner must plead and prove the existence of a timeliness exception in order for the PCRA court to have jurisdiction over an untimely petition. Failure to plead the applicability of a timeliness exception in the PCRA petition renders the PCRA court without jurisdiction to consider the merits of the petition. **See Commonwealth v. Derrickson**, 923 A.2d 466, 468-469 (Pa. Super. 2007), *appeal denied*, 934 A.2d 72 (Pa. 2007). Furthermore, "exceptions to the time bar must be pled in the PCRA petition, and may not be raised for the first time on appeal." **Commonwealth v. Burton**, 936 A.2d 521, 525 (Pa. Super. 2007), *appeal denied*, 959 A.2d 927 (Pa. 2008). In this case, Appellant's PCRA petition did not allege that he satisfied one of the PCRA's timeliness exceptions. Instead, he raised the applicability of the after-discovered evidence exception for the first time on

appeal. Accordingly, he failed to plead and prove the applicability of a PCRA timeliness exception and the trial court properly held that it lacked jurisdiction over his untimely petition.[13]

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/9/2015

---

[13] Appellant has not invoked the new constitutional rule exception on grounds that **Alleyne** created a new rule of constitutional law that has been made retroactive to cases on collateral review. In any event, no relief would be due to Appellant because this Court has held that **Alleyne** did not create a new constitutional rule that has been made retroactive for purposes of collateral review. **See Commonwealth v. Miller**, 102 A.3d 988, 995 (Pa. Super. 2014).